**WO**                                                                                                              KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Randolph Brown, | No. CIV 05-2886-PHX-SMM (VAM) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joe Arpaio, et al., | |
| Defendants. | |

Plaintiff John Randolph Brown, confined in the Arizona State Prison Complex-Florence, filed a *pro se* Civil Rights Complaint pursuant to 42 U.S.C. § 1983. On May 17, 2006, the Court dismissed the Complaint with leave to amend (Doc. #8). To date, Plaintiff has not filed an amended complaint.

On May 31, 2006, Plaintiff filed a "Motion to Continue on the Inactive Calendar" (Doc. #10). In his Motion, Plaintiff asks that this Court stay this case for one year, until he is moved to a less restrictive housing assignment. Plaintiff states that because of his current housing assignment, he is unable to conduct legal research.

The Court finds that a one year stay of proceedings in this case is not reasonable. Plaintiff has the general duty to prosecute this case. Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978). If Plaintiff believes that he cannot effectively prosecute this case at this time, Plaintiff should file a Notice of Dismissal

**JDDL-k**

1   pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

2          The Court will grant Plaintiff a 45 day extension of time in which to file an amended

3   complaint which complies with the Court's May 17, 2006 Order.

4   **Rule 41(b) Warning**

5          If Plaintiff fails to timely comply with every provision of this Order, this action will

6   be dismissed without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th

7   Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the

8   court).  Moreover, because the Complaint has been dismissed for failure to state a claim, if

9   Plaintiff fails to file an amended complaint correcting the deficiencies identified in the

10  Court's May 17, 2006 Order, the dismissal of this action will count as a "strike" under the

11  "three strikes" provision of the Prison Litigation Reform Act.  See 28 U.S.C. § 1915(g).

12  **IT IS ORDERED:**

13         (1) Plaintiff's "Motion to Continue on the Inactive Calendar" (Doc. #10) is **denied**.

14         (2) Plaintiff has 45 days from the filing date of this Order to file an amended

15  complaint which complies with the Court's May 17, 2006 Order.

16         (3) The Clerk of Court must enter a judgment of dismissal of this action with prejudice

17  and without further notice to Plaintiff, if Plaintiff fails to file an amended complaint within

18  45 days of the filing date of this Order.  Upon entry of judgment, the Clerk must make an

19  entry on the docket stating that the dismissal of this action counts as a "strike" pursuant to

20  28 U.S.C. § 1915(g).

21         DATED this 21st day of July, 2006.

22

23

24                              Stephen M. McNamee
                                United States District Judge
25

26

27

28

**JDDL-k**                                    - 2 -