1  **WO**                                                                                  KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| John Randolph Brown, | ) | No. CIV 05-2886-PHX-SMM (VAM) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joe Arpaio, et al., | ) | |
| Defendants. | ) | |

Plaintiff John Randolph Brown, confined in the Arizona State Prison Complex-Kingman, filed a *pro se* Civil Rights Complaint pursuant to 42 U.S.C. § 1983. On May 17, 2006, the Court dismissed the Complaint with leave to amend (Doc. #9). On May 31, 2006, Plaintiff filed a "Motion to Continue on Inactive Calendar" (Doc. #10), which the Court denied on July 24, 2006 (Doc. #11). In the July 24, 2006 Order, the Court also granted an additional 45 days to file an amended complaint. Plaintiff was cautioned at that time that failure to file an amended complaint within the 45 day time period would result in dismissal of this action and entry of a strike pursuant to 28 U.S.C. § 1915(g).

On September 7, 2006, Plaintiff filed a "Motion For Consolidation of Actions" (Doc. #12) in which he asks that the Court consolidate this case with CIV 05-3999-PHX-SMM (VAM), also filed by Plaintiff. To date, Plaintiff has failed to file an amended complaint.

**JDDL-k**

**II. Dismissal for Failure to Comply with Court Order**

There is no indication in the docket or in Plaintiff's Motion that Plaintiff did not receive the Court's July 24, 2006 Order, nor has Plaintiff filed a motion for extension of time. Because Plaintiff has failed to file an amended complaint, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a Court order. See Ferdick v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (stating a district court may dismiss action for failure to comply with any order of the court.) Moreover, because the Complaint was dismissed for failure to state a claim, the Court's dismissal of this action will count as a "strike" under the "three strikes" provision of the Prison Litigation Reform Act. See 28 U.S.C. § 1915(g).

**IT IS ORDERED**:

(1)   This action is **dismissed with prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a Court order.

(2)   The Clerk of the Court must enter judgment and close the case. Because the original Complaint was dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), the Clerk of Court is directed to make an entry on the docket in this matter indicating that the dismissal of this action falls within the purview of 28 U.S.C. § 1915(g).

(3)   Plaintiff's September 7, 2006 Motion for Consolidation of Actions (Doc. #12) is **denied** as moot.

DATED this 23rd day of October, 2006.

Stephen M. McNamee
United States District Judge